# EXHIBIT "A"



# MIAMI-DADE COUNTY CLERK OF THE COURTS

## LUIS G. MONTALDO, CLERK AD INTERIM



Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO RESULTS

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

## ILHAM LAKEHAL VS FLORIDA INTERNATIONAL UNIVERSITY ET AL

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-023421-CA-01 | Filing Date: | 12/09/2022 |
| State Case Number: | 132022CA023421000001 | Judicial Section: | CA08 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

### ≣ Related Cases                                                    Total Of Related Cases: 0  +

### 👥 Parties                                                                 Total Of Parties: 3  −

➡ EXPORT TO CSV

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Lakehal, Ilham | B#:  (Bar Number)165580  N:  (Attorney Name)Jason S Remer | |
| Defendant | Florida International University | | |
| Defendant | Florida International University Board of Trustees | | |

### 🔧 Hearing Details                                                  Total Of Hearings: 0  +

### 🔊 Dockets                                                               Total Of Dockets: 10  −

➡ EXPORT TO CSV

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 9 | 12/22/2022 | | Receipt: | Event | RECEIPT#:3110040 AMT PAID:$20.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$20.00 RECEIPT DATE:12/22/2022 REGISTER#:311 CASHIER:EFILINGUSER |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 12/21/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 12/21/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 6.** Parties: Florida International University Board of Trustees |
| | | 12/21/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 12/21/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: Florida International University Board of Trustees |
| 📄 | 6 | 12/19/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 5 | 12/19/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 12/13/2022 | | Receipt: | Event | **RECEIPT#:3140268 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:12/13/2022 REGISTER#:314 CASHIER:EFILINGUSER** |
| 📄 | 2 | 12/09/2022 | | Complaint | Event | |
| 📄 | 1 | 12/09/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO RESULTS

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home    Civil / Family Courts Information    Login

## Help and Support

Clerk's Home    Privacy Statement    ADA Notice    Disclaimer    Contact Us

About Us



**Luis G. Montaldo**
**Clerk Ad Interim**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.



**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Plaintiff                                          Case # _____

                                                   Judge  _____

vs.

Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

III.     **TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>6</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>        Fla. Bar # <u>165580</u>
      Attorney or party               (Bar # if attorney)

<u>Jason S Remer</u>        <u>12/09/2022</u>
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

ILHAM LAKEHAL,

     Plaintiff(s),

vs.                                Case No.

FLORIDA INTERNATIONAL UNIVERSITY,
FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES

     Defendants.
_____/

## COMPLAINT

Plaintiff, ILHAM LAKEHAL, by and through the undersigned counsel, hereby sue Defendant, FLORIDA INTERNATIONAL UNIVERSITY and FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("Defendant" as a joint employer), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorneys' fees or costs, for National Origin discrimination and retaliation under the Florida Civil Rights Act ("FCRA") and Title VII.

2. This Court has jurisdiction over Plaintiff's claims.

3. Plaintiff is a covered employee for purposes of the FCRA and Title VII of the Civil Rights Act of 1964 and 42 USC Section 1983.

4. Defendant is a Florida Company, authorized to conduct business in Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5.    Defendant was "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA and under federal law.

6.    At all times material hereto, Plaintiff was an "employee" within the meaning of the *Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq.* and it is subject to the employment discrimination provision of the applicable statutes and under federal law.

7.    Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigation claims of employment discrimination.  This charge was dually filed with the Florida Commission on Human Relations.

8.    Venue is appropriate in Dade County, Florida as this is where the Defendant has a registered place of business and the location where these allegations occurred.

9.    Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.   Plaintiff worked for Defendant as an Adjunct Professor.

12.   Plaintiff claims discrimination by Defendant based on national origin, race and retaliated against for complaining about discrimination in the workplace to supervisors.

13.   Plaintiff filed a complaint with the EEOC stating: My national origin is Algerian. I have been employed with the above-named entity since 2008, as a French Adjunct Professor. In the Fall of 2019, I filed an internal complaint regarding national origin discrimination as I was not being assigned classes by the French Coordinator who showed preferential treatment and class assignments to French natives. In April 2020, a conciliation was reached, and I was to be assigned classes however, this never came to fruition. I have again filed a another complaint and even contacted the Dean, but nothing has been done to remedy this situation. From Spring 2021 to Fall 2021, I have not been assigned any classes. My classes are being given to other Non-Algerian professors and I have not been placed on the schedule. However, one professor outside of my protected class is guaranteed the same classes each semester with the highest pay rate. Since I have not been assigned any classes, I am without income and believe that I have been terminated. I believe this is in retaliation for engaging in a protected activity due to my national origin discrimination complaints. No reasons have been given for the above-named actions. I believe that I have been discriminated against due to my national origin (Algerian) and retaliated against for opposing unlawful discrimination, in violation of the Civil Rights Act of 1964, as amended

14.   Plaintiff complained to management about the discrimination in the work place and was fired in retaliation for her complaints.

15.   Defendant treated white professors and non-Algerian professors better than Plaintiff by providing classes to teach and better pay.

16.   Defendants failed to address the discrimination as the treatment began to get worse against Plaintiff.

17.   After the complaint of discrimination to management/owners of Defendant, Defendant through its managers began to retaliate against Plaintiff for Plaintiff's complaints by failing to assign Plaintiff classes to teach and/or terminate Plaintiff.

18.   Plaintiff was fired by the Defendant in retaliation for the complaints and/or based on national origin in violation of State laws and Federal laws.

## COUNT I

### *Race Discrimination of Defendant in Violation of the Title VII and 42 USC Section 1983*

19.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20.   Plaintiff is a member of a protected class under the Title VII and 42 USC Section 1983.

21.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and national origin and subjected the Plaintiff to animosity based on her national origin.

22.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

23.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

24.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

27.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

k.    Adjudge and decree that Defendant has violated the Title VII and 42 USC Section 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

l.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

m.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, punitive damages;

n. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

o. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

p. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

q. Plaintiff requests a trial by Jury.

## COUNT II
### National Origin Discrimination of Defendant in Violation of the Title VII and 42 USC Section 1983

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the Title VII and 42 USC Section 1983.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on her national origin.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

37.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

r.   Adjudge and decree that Defendant has violated the Title VII and 42 USC Section 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

s.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

t.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, punitive damages;

u.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

v.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

w.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

x.  Plaintiff requests a trial by Jury.

## COUNT III
### *Race Discrimination of Defendant in Violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

40.  Plaintiff is a member of a protected class under the FCRA.

41.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and national origin and subjected the Plaintiff to animosity based on her national origin.

42.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

43.  At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

y. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

z. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

aa. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, punitive damages;

bb. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

cc. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

dd. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

ee. Plaintiff requests a trial by Jury.

## COUNT IV
### *National Origin Discrimination of Defendant in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on her national origin.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

ff. Adjudge and decree that Defendant has violated the FCRA, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

gg. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

hh. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, punitive damages;

ii. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

jj. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

kk. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

ll. Plaintiff requests a trial by Jury.


## COUNT V RETALIATION IN VIOLATION OF FCRA

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

60. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

61. Defendant retaliated against Plaintiff for her complaints of race and/or national origin discrimination and terminated Plaintiff in retaliation for her complaints of discrimination.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of FCRA; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

F. Plaintiff demands a trial by jury.


**COUNT VI RETALIATION IN VIOLATION OF TITLE VII AND 42 USC SECTION 1983**

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

63. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

64. Defendant retaliated against Plaintiff for her complaints of race and/or national origin discrimination and terminated Plaintiff in retaliation for her complaints of discrimination.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of FCRA; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

F. Plaintiff demands a trial by jury.

<strong><u>JURY DEMAND</u></strong>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 9, 2022

Respectfully submitted,

  /s/ Jason S. Remer

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
**REMER, GEORGES-PIERRE & HOOGERWOERD PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Miami, FL 33130
Telephone: (305) 416-5000

Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

IIHAM LAKEHAL,

      Plaintiff(s),

vs.                            Case No. 2022-023421-CA-01

FLORIDA INTERNATIONAL UNIVERSITY,
FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO: FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES** through its
Registered Agent:

Florida International University Board of Trustees
11200 S.W. 8th Street, PC 511
Miami, FL 33199

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                           DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

IIHAM LAKEHAL,

      Plaintiff(s),

vs.                              Case No. 2022-023421-CA-01

FLORIDA INTERNATIONAL UNIVERSITY,
FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES

      Defendants.
_____/

### SUMMONS IN A CIVIL CASE

**TO: FLORIDA INTERNATIONAL UNIVERSITY** through its Registered Agent:

Florida International University Board of Trustees
11200 S.W. 8th Street, PC 511
Miami, FL 33199

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

IIHAM LAKEHAL,

      Plaintiff(s),

vs.                            Case No. 2022-023421-CA-01

FLORIDA INTERNATIONAL UNIVERSITY,
FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES

      Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO: FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES** through its
Registered Agent:

Florida International University Board of Trustees
11200 S.W. 8th Street, PC 511
Miami, FL 33199

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts



_____    12/21/2022

CLERK                      DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

IIHAM LAKEHAL,

     Plaintiff(s),

vs.                            Case No. 2022-023421-CA-01

FLORIDA INTERNATIONAL UNIVERSITY,
FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES

     Defendants.
_____/

### SUMMONS IN A CIVIL CASE

**TO: FLORIDA INTERNATIONAL UNIVERSITY** through its Registered Agent:

Florida International University Board of Trustees
11200 S.W. 8th Street, PC 511
Miami, FL 33199
**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  12/21/2022
CLERK                     DATE

_____
(BY) DEPUTY CLERK