UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-20377-CV-WILLIAMS

ILHAM LAKEHAL,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Florida International University Board of Trustees' ("*FIU*" or "*Defendant*") Motion to Dismiss Counts II, III, IV, V, and VI of Plaintiff Ilham Lakehal's ("*Plaintiff*") Amended Complaint (DE 17) ("*Motion*"), to which Plaintiff filed a Response (DE 20) ("*Response*") and Defendant filed a Reply (DE 21) ("*Reply*"). For the reasons set forth below, Defendant's Motion (DE 17) is **GRANTED IN PART AND DENIED IN PART**.

**I.   BACKGROUND**

Plaintiff, who is of Algerian national origin, worked as an adjunct professor of French for Defendant FIU, a Florida state university, beginning in 2008. (DE 12 at 2–3.) Plaintiff alleges that Defendant showed preferential treatment to those French instructors who were French natives, as she did not receive course assignments from the French Coordinator while French native instructors did. (*Id.* at 3.) In fall of 2019, Plaintiff filed an internal complaint regarding this alleged national origin discrimination and, in April 2020, reached a conciliation with Defendant. (*Id.*) However, even after this resolution, Plaintiff

did not receive course assignments. Therefore, Plaintiff filed another complaint and contacted the Dean. (*Id.*) The problem continued and on July 29, 2021, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("**EEOC**"), alleging that she was constructively terminated because of Defendant's continued failure to assign her classes. (*Id.*; DE 12-1.) Plaintiff alleges that this "termination" was in retaliation for her complaints regarding workplace discrimination. (DE 12 at 2–3; DE 12-1.) On September 12, 2022, the EEOC issued Plaintiff a Notice of Right to Sue, which required her to initiate a civil action within ninety days. (DE 12 at 2.) This action, originally filed in state court on December 9, 2022, was removed to this Court on January 30, 2023 (DE 1), and Plaintiff filed an Amended Complaint on February 14, 2023 (DE 12) ("**Amended Complaint**").

Based on these allegations, Plaintiff brings six counts against Defendant: (1) national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"); (2) national origin discrimination in violation of the Florida Civil Rights Act of 1992 ("**FCRA**"); (3) race discrimination in violation of 42 U.S.C. § 1983 ("**§ 1983**"); (4) retaliation in violation of Title VII; (5) retaliation in violation of the FCRA; and (6) retaliation in violation of § 1983. In response, Defendant moves to dismiss Counts II through VI of the Amended Complaint under Federal Rule of Civil Procedure 12.[1] (DE 17.)

---

[1] Defendant moved to dismiss Counts II and Count V for want of subject matter jurisdiction based on Eleventh Amendment sovereign immunity. (DE 17 at 4–5.) Specifically, Defendant argued that the Eleventh Amendment bars suits in federal court against a state based on state law. (*Id.* at 5.) However, after Plaintiff argued in her Response that Defendant elected to remove this action to federal court and therefore waived any claim of sovereign immunity (DE 20 at 4), Defendant, in its Reply, withdrew its Eleventh Amendment argument (DE 21 at 6). Given that Defendant's sole challenge as to Count II was withdrawn, Defendant's Motion is denied as moot as to Count II. Count V, which Defendant also challenges on substantive grounds, is addressed below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court must limit its consideration to the pleadings and exhibits within the complaint. *GSW, Inc. v. Long County*, 999 F. 2d 1508, 1510 (11th Cir. 1993). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the "[f]actual allegations must be enough to raise a right of relief above the speculative level. *Id.* at 545.

## III. DISCUSSION

Defendant challenges Counts III through VI of the Amended Complaint based on various substantive and procedural grounds. The Court first addresses Counts III and VI, alleging race discrimination and retaliation in violation of § 1983, and then discusses Counts IV and V, alleging retaliation in violation of Title VII and the FCRA.

### A. Counts III and VI: race discrimination and retaliation in violation of § 1983.

Section 1983 states that "[e]very *person* who . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). Defendant argues that Plaintiff's § 1983

claims (Counts III and VI) must be dismissed because Defendant, an agency of the state of Florida, is not a "person" against whom a § 1983 action can be asserted. (DE 17 at 5.) The Court agrees.[2]

Defendant, the Board of Trustees of Florida International University, a Florida state university, is a state agency. *See, e.g.*, *Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees*, 749 F. App'x 776, 786 (11th Cir. 2018) (stating that the University of South Florida Board of Trustees is a state agency); *Gould v. Fla. Atl. Univ. Bd. of Trustees*, 2011 WL 13227759, at *2 (S.D. Fla. Nov. 1, 2011) (stating that the Florida Atlantic University Board of Trustees "is an agency or instrumentality of the State of Florida"); *Paylan v. Teitelbaum*, 2017 WL 2294084, at *2 (N.D. Fla. May 23, 2017) (stating that the University of Florida Board of Trustees "is a state agency"); *cf. Watts v. Fla. Int'l Univ.*, 2005 WL 3730879, at *1 (S.D. Fla. June 9, 2005) ("Florida International University is a state university and an instrumentality of the state government."). State agencies, like states themselves, are not considered "persons" and therefore are not susceptible to suit under § 1983. *See Brandenburg v. Bd. of Regents of Univ. Sys. of Georgia*, 518 F. App'x 628, 631 (11th Cir. 2013) (dismissing an action against a state college because "as an arm of the [s]tate," it was "not a 'person' under § 1983"); *Thompson v. The Fla. Bar*, 2007 WL 4380645, at *1 (S.D. Fla. Sept. 7, 2007) ("[A]n agency of the State of Florida . . . is not susceptible to suit under 42 U.S.C. § 1983 because it is not a 'person' under the statute."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a state nor its officials

---

[2] Plaintiff failed to respond to Defendant's argument that Plaintiff could not maintain a § 1983 action against it. Therefore, Plaintiff's claims brought under § 1983 (Counts III and VI) are considered "procedurally abandoned." *See Grp., LLC v. Sanitas USA, Inc.*, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021). Nevertheless, the Court also addresses Defendant's argument on the merits.

acting in their official capacities are 'persons' under § 1983."). Therefore, Defendant, an agency of the state of Florida, is not susceptible to suit under § 1983 and Counts III and VI of the Amended Complaint must be dismissed with prejudice. *See Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374 (11th Cir. 2005) (affirming dismissal of suit against state agencies because state agencies "are not 'persons' for purposes of § 1983").

### B. Counts IV and V: retaliation in violation of Title VII and the FCRA.

To make a prima facie showing of retaliation under Title VII or the FCRA, a plaintiff must show that: (1) she engaged in statutorily protected conduct; (2) she suffered adverse employment action; and (3) there is some causal relation between the two events.[3] *Blanc v. City of Miami Beach*, 965 F. Supp. 2d 1350, 1352 (S.D. Fla. 2012) (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010)). Defendant argues that Plaintiff failed to demonstrate that her protected activity was the "but-for" cause of Defendant's alleged adverse employment action. (DE 17 at 9–10.) The Court agrees.

To demonstrate a causal connection between protected conduct and an adverse employment action, a plaintiff must show both that the decision-maker was aware of the protected conduct and that the protected conduct and adverse employment action are not "wholly unrelated." *Shannon v. BellSouth Telecomms, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). "In the absence of other evidence, a plaintiff may show causation by temporal proximity." *Blanc*, 965 F. Supp. 2d at 1355 (citing *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006)). The Court addresses the relationship between the alleged adverse employment action and the protected conduct first because it is dispositive of this issue.

---

[3] The FCRA was patterned after Title VII, and thus decisions construing Title VII are applicable when considering FCRA claims. *See Smart v. City of Miami Beach*, 1 F. Supp. 3d 1350, 1355 (S.D. Fla. 2014) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So. 2d 1005, 1009 (Fla. 1989)).

Plaintiff alleges that she filed an internal complaint in fall 2019, reached a conciliation with Defendant in April 2020, filed another internal complaint sometime after the conciliation, and since then has still not been assigned any classes. (DE 12 at 3.) However, Plaintiff fails to present a timeline that can adequately connect statutorily protected conduct and an adverse employment action. Specifically, it is unclear which of the internal complaints Plaintiff alleges constitutes the protected activity. Moreover, Plaintiff has not clearly pled what retaliatory action was taken by Defendant. As currently pled, it appears that the lack of class assignments, which is the adverse employment action that led Plaintiff to file the initial internal complaint, is the same adverse employment action that Plaintiff alleges was taken in retaliation for her filing the internal complaint. Such a claim is defeated outright because "acts which precede protected activity cannot logically form the basis of causation." *See Finch v. Morgan Stanley & Co. LLC*, 2017 WL 11500464 at *2 (S.D. Fla. May 8, 2017) (citing *Cormack v. North Broward Hosp. Dist.*, 2009 WL 2731274, at *6 (S.D. Fla. Aug. 26, 2009)). Additionally, Plaintiff suggests that she was terminated. However, the allegations surrounding her termination are conclusory and inconsistent,[4] making it unclear whether Plaintiff was actually terminated or if she continues to not receive case assignments. Even if Plaintiff is alleging the former, the conclusory allegations without any factual context are not "enough to raise a right of relief above the speculative level." *See Twombly*, 550 U.S. at 545.

Additionally, Plaintiff fails to demonstrate the decision-maker's awareness of protected conduct. Plaintiff notes that the French Coordinator is responsible for assigning

---

[4] Plaintiff states that she "was fired by the Defendant in retaliation for the complaints," yet she previously alleges "[s]ince I have not been assigned any classes, I … believe that I have been terminated." (DE at 3–4.)

courses to the French adjunct professors. (DE 12 at 3.) Thus, the French Coordinator was the "agent" who engaged in the alleged adverse employment action of not assigning French classes to Plaintiff. To demonstrate that Defendant's failure to assign classes to Plaintiff was retaliation for her internal complaint, Plaintiff is required to establish that the French Coordinator was aware that Plaintiff had complained about not being assigned classes. However, Plaintiff alleges only that she filed an internal complaint to the management staff of Defendant and contacted the Dean. (*Id.* at 3–4.) As Defendant argues, Plaintiff failed to establish that the French Coordinator was aware of Plaintiff's protected conduct.[5] (DE 21 at 5.) Accordingly, Plaintiff's allegations are insufficient to indicate that the actual decision-maker was aware of the protected conduct. *See Flores v. Devry University, Inc.*, 2013 WL 12085973 at *6 (S.D. Fla. Oct. 25, 2013) (holding that even if plaintiff's letter to the Dean of Faculty regarding discrimination and illegality was statutorily protected conduct, plaintiff failed to show that the actual decision-making faculty members were aware of the letter to the Dean of Faculty); *see also Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997) ("[I]n a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression and acted within the scope of his or her agency when taking the action.").

Finally, Plaintiff cannot demonstrate causation via "temporal proximity." *See Blanc*, 965 F. Supp. 2d at 1355; *Drago*, 453 F.3d at 1308. In *Drago*, the Eleventh Circuit held

---

[5] In her Response, Plaintiff states for the first time that she "complained about national origin discrimination to the decision-makers, FIU and the French Coordinator, the ones responsible for overseeing the assignment of French classes." (DE 20 at 7.) Even if this allegation were sufficient to withstand a motion to dismiss, "Plaintiff may not amend a complaint via a response to a motion to dismiss." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012).

that "in a retaliation case, when an employer contemplates an adverse employment action *before* an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." 453 F.3d at 1308 (emphasis added). Plaintiff apparently frames the lack of class assignments that continued following the internal complaint as a subsequent adverse action. However, as Defendant notes in its Reply and as is explained above, Plaintiff alleges in the Amended Complaint that she was not receiving class assignments *before* her internal complaints were filed. Consequently, Plaintiff does not sufficiently allege the causation of her retaliation claims and Counts IV and V must be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Partial Motion to Dismiss (DE 17) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Defendant's Motion to Dismiss Plaintiff's claim of national origin discrimination in violation of the FCRA (Count II) is **DENIED AS MOOT**.

    b. Plaintiff's claims of race discrimination in violation of § 1983 (Count III) and retaliation in violation of § 1983 (Count VI) are **DISMISSED WITH PREJUDICE**.

    c. Plaintiff's claims of retaliation in violation of Title VII (Count IV) and retaliation in violation of the FCRA (Count V) are **DISMISSED WITHOUT PREJUDICE**.

2. If Plaintiff wishes to replead her retaliation claims against Defendant or properly set forth any claims not dismissed with prejudice against Defendant, Plaintiff must file an amended complaint within **FOURTEEN (14) DAYS** of the date of this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 27th day of June, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE